RICHARD K. GROSBOLL, Bar No. 99729
TANISHA M. SHAFER (ARATA), Bar No. 280588
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA  94104
Tel: (415) 677-9440
Fax: (415) 677-9445
Email: rgrosboll@neyhartlaw.com
          tarata@neyhartlaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND; PACIFIC COAST ROOFERS PENSION PLAN; EAST BAY-NORTH BAY ROOFERS VACATION TRUST FUND; BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND; BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; NATIONAL ROOFING INDUSTRY PENSION FUND; DOUGLAS ZIEGLER, as trustee for each plaintiff trust fund, except for National Roofing Industry Pension Fund, and as agent for National Roofing Industry Pension Fund; and ROBERT RIOS, as trustee of BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, | Case No.<br><br>**COMPLAINT** |
| Plaintiffs, | |
| v. | |
| ROOFCO, INC., a California Corporation, | |
| Defendant. | |

Plaintiffs allege:

## I.

## JURISDICTION AND PARTIES

1.   Jurisdiction.   This is an action to collect unpaid fringe benefit contributions to multi-employer benefit plans pursuant to a Collective Bargaining Agreement ("CBA").   It is also an action to enforce the terms of multi-employer benefit Trust Agreements, specifically the terms requiring an

---

**COMPLAINT**
Case No.

1    employer to make fringe benefit contributions to the Plaintiffs.  Jurisdiction is pursuant to the

2    Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e), 29 U.S.C. §

3    1145 and the Labor Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 185(c).

4        2.    Venue.  Venue is appropriate in this District as the Plaintiff Plans are administered in

5    this District (San Jose), and the breach took place in this District.  29 U.S.C. § 1132(e)(2); 29 U.S.C.

     § 185(a).

6        3.    Parties.  Plaintiffs BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND,

7    PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY-NORTH BAY ROOFERS

8    VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION

9    FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND,

10   and the NATIONAL ROOFING INDUSTRY PENSION FUND will be collectively referred to as

11   "the Trust Funds".  Each of the Trust Funds is a multi-employer employee benefit plan created

12   pursuant to the LMRA, 29 U.S.C. § 141 et seq and are jointly trusteed (management and union)

13   employee benefit trust funds governed by ERISA, 29 U.S.C. § 1001 et seq.  Employers make fringe

14   benefit contributions to the Trust Funds pursuant to the requirements of a CBA between the United

15   Union of Roofers, Waterproofers and Allied Workers, AFL-CIO ("Local 81" or "the Union") and

16   the Associated Roofing Contractors of the Bay Area Counties, Inc. ("Employer Association").  The

17   Health and Welfare Trust Fund is the designated representative and collection agent for all of the

     Trust Funds and related entities.  Plaintiff BAY AREA COUNTIES ROOFERS INDUSTRY

     PROMOTION FUND is a labor management organization.

18       4.    Plaintiff DOUGLAS ZIEGLER is a trustee and fiduciary of each of the Trust Funds

19   and entities listed above in Paragraph 3, except for the National Roofing Industry Pension Fund—for

20   that fund, he is an agent.  Mr. Ziegler is also the Business Manager of Local 81.  As such, Mr.

21   Ziegler is a fiduciary of the Trust Funds within the meaning of ERISA.  As trustee, Mr. Ziegler has

22   the duty, jointly exercised with the other trustees of those funds, to administer the Trust Funds for

23   the exclusive benefit of the covered employees in accordance with the applicable law, the CBA, and

24   the terms of each of the Trust Funds' written trust agreements.  That fiduciary duty includes the

     collection of unpaid fringe benefit contributions and related losses.

25       5.    Plaintiff ROBERT RIOS is a trustee and fiduciary of the Health and Welfare Trust

26   and the Pacific Coast Roofers Pension Plan and is also the Business Manager of Local 95.  As such,

27   Mr. Rios is a fiduciary of the trusts within the meaning of ERISA.  As trustee, Mr. Rios has the duty,

28   jointly exercised with the other trustees of those funds, to administer the trusts for the exclusive

NEYHART,
ANDERSON, FLYNN
& GROSBOLL
ATTORNEYS AT LAW

COMPLAINT                                                                          1
Case No.

benefit of the covered employees in accordance with the applicable law, the CBA, and the terms of each of the Trust Funds' written trust agreements. The fiduciary duty includes the collection of unpaid fringe benefit contributions and related losses.

6.      Defendant ROOFCO, INC.  is a corporation doing business under California entity # C2564528 and California Contractor's State License #811861.

7.      Defendant ROOFCO, INC. is engaged in the roofing, waterproofing and/or contracting business in and around the Bay Area California (including Contra Costa County), and as such has been an employer "engaged in an industry or activity affecting commerce" within the meaning of 29 U.S.C. § 152 and 29 U.S.C. §§ 1002-1003.

## II.

## FACTS

8.      Defendant ROOFCO, INC. signed an Agreement to Be Bound to a Project Labor Agreement and is therefore bound by all provisions contained in the most recent versions of the Project Labor Agreement, the CBA, and the trust agreements establishing each of the Trust Funds. A true and correct copy of the signed Agreement to Be Bound and Addendum A—Project Specific Agreement—is attached as **Exhibit A.**  A true and correct copy of the Master Agreement (i.e. the CBA) is attached as **Exhibit B.**

9.      An employer who agrees to be bound to the CBA also agrees to be bound to the applicable trust agreements.

10.     The terms of the CBA require Defendant ROOFCO, INC. to make timely monthly fringe benefit contributions to the Trust Funds for fringe benefits for covered employees.

11.     Under both the CBA and applicable trust agreements, an employer who fails to make timely fringe benefit contributions to the Trust Funds is liable to the Trust Funds for all unpaid fringe benefit contributions, liquidated damages, interest on the delinquent amount accrued, reasonable attorneys' fees and collection costs.  *See* 29 U.S.C. § 1132(g)(2).

12.     Defendant ROOFCO, INC. failed to make required fringe benefit contributions to the Trust Funds during the relevant period of statute of limitations pursuant to the appropriate CBA and/or trust agreements, and therefore owes the Trust Funds fringe benefit contributions.  *See* 29 U.S.C. § 1145.  As of the date of this filing, ROOFCO, INC. owes fringe benefit contributions for the June 2019, July 2019, and the August 2019 work months.  Any additional fringe benefit contributions that are discovered to have not been paid will be owed as well.

NEYHART,
ANDERSON, FLYNN
& GROSBOLL
ATTORNEYS AT LAW

COMPLAINT                                                                         2
Case No.

13.     Defendant ROOFCO, INC. also owes the Trust Funds liquidated damages for any untimely paid and unpaid fringe benefit contributions for at least the January 2019, February 2019, March 2019, April 2019, June 2019, July 2019, and August 2019 work months and any additional work months for which ROOFCO, INC. has been or will be late on its fringe benefit contributions.

### III.

### FIRST CLAIM

### (ERISA - 29 U.S.C. § 1145) against Defendant ROOFCO, INC.

14.     Plaintiffs incorporate by reference and reallege the paragraphs above as if set out in full.

15.     <u>Jurisdiction</u>.  This is an action to collect unpaid fringe benefit contributions found owing to a multi-employer benefit plan pursuant to the terms of the CBA and Trust Agreements. Jurisdiction is pursuant to ERISA, 29 U.S.C. § 1132(e) and § 1145.

16.     Defendant ROOFCO, INC.'s action constitutes a failure of an employer to make timely fringe benefit contributions to a multi-employer plan pursuant to 29 U.S.C. § 1145.

17.     Plaintiffs are entitled to all unpaid fringe benefit contributions, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2), the CBA, and applicable Trust Agreements.

### IV.

### SECOND CLAIM

### (LMRA - 29 U.S.C. § 185) against Defendant ROOFCO, INC.

18.     Plaintiffs incorporate by reference and reallege the paragraphs above as if set out in full.

19.     <u>Jurisdiction</u>.  This is an action to enforce a CBA pursuant to 29 U.S.C. § 185.

20.     Defendant ROOFCO, INC.'s failure to pay fringe benefit contributions and liquidated damages owing breached the CBA to Plaintiffs' detriment.  Plaintiffs are entitled to all unpaid fringe benefit contributions, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to the CBA and applicable Trust Agreements.

21.     The Trust Funds are entitled to pursue this claim as third party beneficiaries to the Trust Agreements.  *See Schneider Moving & Storage Co. v. Robbins, et al.* (1984) 466 U.S. 364 and *Local 342 Apprenticeship & Training Trust v. Babcock & Wilcox* (9th Cir. 2005) 396 F.3d 1056.

**COMPLAINT**
Case No.

3

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendant as follows:

1.      For unpaid fringe benefit contributions in an amount according to proof;

2.      For liquidated damages according to proof;

3.      For prejudgment interest according to proof;

4.      For reasonable attorneys' fees, costs of suit and further amounts according to proof;

5.      For such equitable relief as this court deems just and proper; and

6.      For such other and further relief as this court deems just and proper.

Dated: October 18, 2019                              Respectfully submitted,


                                                     /s/ Tanisha M. Shafer (Arata)
                                                     Richard K. Grosboll
                                                     Tanisha M. Shafer (Arata)
                                                     NEYHART, ANDERSON, FLYNN &
                                                     GROSBOLL
                                                     Attorneys for Plaintiffs

NEYHART,
ANDERSON, FLYNN
& GROSBOLL
ATTORNEYS AT LAW

COMPLAINT
Case No.

4